## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-25185-BLOOM/Louis

BARBARA MARABELLA,

      Plaintiff,

v.

NCL (BAHAMAS), LTD.,

      Defendant.

_____/

### OMNIBUS ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND PLAINTIFF'S MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Defendant, NCL (Bahamas), LTD.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint, ECF No. [7] ("Motion to Dismiss") and Plaintiff's Motion to Strike NCL's Reply, ECF No. [12] ("Motion to Strike"). Plaintiff filed her Response to the Motion to Dismiss, ECF No. [10] ("Response"), to which Defendant filed its Reply, ECF No. [11] ("Reply"). The Court has considered the Motion to Dismiss, the Response, the Reply, the Motion to Strike, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion to Dismiss is denied and the Motion to Strike is denied.

### I.      BACKGROUND

This case stems from injuries allegedly sustained by Plaintiff while on a cruise operated by Defendant. Plaintiff alleges that on November 21, 2019, while aboard Defendant's vessel, the M/V Norwegian Pearl (the "Ship"), she fell with "great force" onto the exterior deck while walking towards the Ship's bow when a "strong wind twisted her body around counterclockwise and caused her to fall[.]" ECF No. [1] at ¶ 15. Plaintiff alleges that she fell on deck 13 approximately 10 feet

away from the exterior doors leading out onto the deck. *See id.* Plaintiff claims that she sustained serious physical injuries to her body and extremities, including a separated shoulder and fractures to the upper humerus of her left arm. *Id.* at ¶ 20. She alleges that she incurred medical expenses as a result of her injuries, suffered physical handicap, and lost the benefit of a portion of her vacation. *See id.* at ¶¶ 21-22.

Plaintiff asserts a single claim for negligence based on multiple theories and seeks damages from Defendant for the injuries sustained in the incident. *See* ¶¶ 13-22. According to Plaintiff, her injuries arose from Defendant's negligence, which include its failure to restrict passenger access to the exit doors to the deck due to high wind conditions, its failure to warn persons exiting onto the deck of high wind conditions, and its failure to keep in place notice that passengers shall not use the exit doors to access the deck due to high winds and/or that exit doors to the deck are closed off due to high winds and/or that the high winds present a danger to passengers that use the exit doors to enter the outside deck area. *See id.* at ¶ 16.

Defendant now moves to dismiss the Complaint with prejudice on two grounds: (1) Defendant had no duty to warn Plaintiff about the dangerous condition of the wind on the outer deck because wind is an open and obvious danger; and (2) Plaintiff failed to allege proximate causation between Defendant's alleged negligence and Plaintiff's consequent injuries. ECF No. [7]. Plaintiff does not directly respond to Plaintiff's second argument regarding causation, but contends that the wind was not an open and obvious condition that obviated Defendant's duty to provide fair notice to her regarding the windy conditions on the exterior deck. ECF No. [10].[1] In

---

[1] In the Response, Plaintiff appears to raise new allegations to bolster the factual nature of the incident. More specifically, Plaintiff argues that Defendant had "prior knowledge . . . of strong winds as evidenced by NCL's previous posting of warning signs on the vessel's exterior doors warning of high winds" and that Plaintiff did not receive sufficient warning because Defendant "had taken down its warning signs which had been previously posted on its exterior doors." ECF No. [10] at 2. The Court will not consider these newly asserted allegations/arguments in ruling on the instant Motion to Dismiss. *See Crawford's Auto Ctr.,*

the Reply, Defendant rehashes its previously asserted arguments from its Motion to Dismiss but further adds that dismissal is appropriate given Plaintiff's failure to expressly address the proximate cause arguments made by Defendant. ECF No. [11].

In the Motion to Strike, Plaintiff requests that the Court strike Defendant's Reply, ECF No. [11], because Defendant allegedly did not comply with S.D. Fla. L.R. 7.1(c)[2] and Rule 12(d), Fed. R. Civ. P., and to strike Defendant's Motion to Dismiss as well. *See* ECF No. [12]. Plaintiff argues that the Reply regurgitates arguments from the Motion to Dismiss and "adds little or nothing to those arguments." *See id.* Without any case law support, Plaintiff concludes and recommends that Defendant's filings should be stricken or denied with leave for Defendant to file Defendant's defenses as affirmative defenses in their stead. *Id.*

## II.     MOTION TO DISMISS

### A.     LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me

---

*Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1162 (11th Cir. 2019) ("On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court ordinarily may not look beyond the pleadings."); *Seropian v. Wachovia Bank, N.A.*, Case No. 10-80397-CIV, 2010 WL 2949658, at *4 (S.D. Fla. July 26, 2010) (court refused to consider new claim pled in response to motion to dismiss where the claim was not pled in the original complaint) (citing *Peterson v. Atl. Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) ("a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for her.")).

[2] The Motion to Strike incorrectly lists the applicable local rule as Local Rule 71(c). That purported local rule, however, does not exist. The Court instead construes the motion as invoking Local Rule 7.1(c).

accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's factual allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). "A facially plausible claim must allege facts that are more than merely possible. . . . The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Chaparro*, 693 F.3d at 1337 (citations omitted) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556).

Further, although the Court is required to accept all of the factual allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto." (internal quotation marks omitted)). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro*, 693 F.3d at 1337. "Similarly, 'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)); *see also Iqbal*, 556 U.S.

at 681 (stating conclusory allegations are "not entitled to be assumed true"); *Chaparro*, 693 F.3d at 1337 ("if allegations are indeed more conclusory than factual, then the court does not have to assume their truth" (citing *Mamani v. Berzain*, 654 F.3d 1148, 1153-54 (11th Cir. 2011))).

### B.  APPLICABLE LAW

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)). *See also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case.").  In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011). The parties in the instant action do not dispute that maritime law governs. *Compare* ECF No. [1] at ¶ 9 *with* ECF No. [7] at 2.

### C.  DISCUSSION

The Court first addresses Defendant's argument that it owed no duty to warn Plaintiff of the windy condition on the Ship's exterior deck.  The Court will then address Defendant's remaining argument that dismissal is appropriate because Plaintiff has failed to sufficiently plead proximate causation.

### i. *Duty to warn if there are open and obvious hazards*

To plead a negligence cause of action under maritime law, a "plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro*, 693 F.3d at 1336.

"A shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel." *Id.* (quoting *Kermarec*, 358 U.S. at 630). This duty of care is examined through the lens of "ordinary reasonable care under the circumstances." *Keefe*, 867 F.2d at 1322. "It is clearly established that cruise lines owe their passengers a duty to warn of known or foreseeable dangers." *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, at *3 (S.D. Fla. Dec. 7, 2015). However, in order to have a duty to warn of a danger, the cruise line must have "actual or constructive notice of the unsafe condition." *Horne v. Carnival Corp.*, 741 F. App'x 607, 608 (11th Cir. 2018) (citing *Keefe*, 867 F.2d at 1322). The caveat to this general principle of liability is that there is no duty to warn of open and obvious dangers. *See id.* (citations omitted). Whether a danger is open and obvious "is guided by the 'reasonable person' standard." *Id.* (quoting *Frasca v. NCL (Bahamas), Ltd.*, 654 F. App'x 949, 951 (11th Cir. 2016)).

It is "generally accepted that the legal question of whether a condition is open and obvious is better decided [not at the motion to dismiss stage but] after some factual development." *Flaherty*, 2015 WL 8227674, at *3; *Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1320 (S.D. Fla. 2015) (declining to rule at motion to dismiss stage the "question of whether the allegedly dangerous condition was open or obvious" because it "requires a context specific inquiry and necessitates development of the factual record before the Court can decide whether, as a matter of law, the danger was open and obvious") (citation omitted); *Brown v. Oceania Cruises, Inc.*, No.

17-22645-CIV, 2017 WL 10379580, at *3 (S.D. Fla. Nov. 20, 2017) (explaining that "the Court sides with the numerous courts in this District, which have held the question of whether a danger condition is open and obvious should be resolved only after the factual record has been developed" and not on a motion to dismiss).

Despite courts' preference to delay ruling on whether a dangerous condition is open and obvious until after discovery proceeds, Defendant argues that dismissal with prejudice is appropriate because wind is a naturally occurring condition that is open and obvious as a matter of law. ECF No. [7] at 5-6. Thus, Defendant posits that it had no duty to warn Plaintiff about the risky conditions outside the Ship, which would foreclose the negligence claim. Defendant, however, cites no binding or persuasive case law to establish this point. *See id.*[3]

Defendant places significant stock in *Zahares v. Norwegian Cruise Line, Ltd.*, 927 So. 2d 161 (Fla. 3d DCA 2006), a *per curiam* affirmance with no analysis. Importantly, the underlying

---

[3] In the Motion to Dismiss, ECF No. [7] at 6, Defendant cites several cases for the proposition that weather conditions, such as wind, are open and obvious as a matter of law for which there is no duty to warn. The Court finds Defendant's citations to be unconvincing. Apart from *Zahares v. Norwegian Cruise Line, Ltd.*, 927 So. 2d 161 (Fla. 3d DCA 2006), none of these decisions arise from states or courts within the Eleventh Circuit, most are dated in the 1930s and 1940s, and only three decisions involve a cruise line passenger incurring injuries from inclement weather, all of which are distinguishable. *See The Winnipeg*, 5 F. Supp. 469 (N.D. Cal. 1933) (holding that cruise line had no duty to warn passenger about dangers of ship lurching and rolling where the "weather was heavy and the sea rough," plaintiff had insisted on playing cards outdoors despite specifically being advised to play cards indoors where chairs were fastened to the floor, and plaintiff was aware of the weather condition); *Moses v. Compagnie Generale Transatlantique*, 16 F. Supp. 197 (E.D.N.Y. 1936) (holding that cruise line was not negligent where passenger, an experienced yachtsman and skipper who was "familiar with high winds and high seas, and capable of judging those conditions[,]" "in the exercise solely of his own judgment" opened a porthole window into his room during a storm that had been closed by the crew and incurred injuries even though the passenger was aware of the rough sea conditions and danger associated with opening the porthole); *The S.S. Serpa Pinto*, 45 F. Supp. 255 (E.D.N.Y. 1942) (holding that cruise line was not negligent where an "experienced ocean traveler" sustained injuries from a wave while standing on outer deck of ship for fifteen minutes during a time of "strong breeze" and "very heavy seas" after the passenger willfully ventured out to watch the waves during the storm). Further, only two decisions involve a motion to dismiss posture. *See Belcher v. City & Cty. of San Francisco*, 69 Cal. App. 2d 457, 158 P.2d 996 (1945) (no municipal liability for pedestrian's slip and fall injury while descending stairs cut into a sidewalk without handrails where there was no evidence pedestrian did not have full knowledge of windy condition before descending the stairs); *The S.S. Serpa Pinto*, 45 F. Supp. 255.

order that was appealed in that case, *Zahares v. Norwegian Cruise Line, Ltd.*, Case No. 02-13212-CA 25 (Fla. 11th Cir. Ct. Jan. 11, 2004), granted a motion for summary judgment, not a motion to dismiss. There, the plaintiff sued NCL for failing to warn her of hurricane force wind conditions after she sustained injuries when venturing outside to observe a storm. *See id.* According to the order, the plaintiff was concerned about the weather after the ship had broken its mooring and drifted away from the dock. The plaintiff had observed from a window in the lounge that a sailboat had also broken loose and was drifting toward the ship. At some point, she became unable to see the sailboat, so she went to the exterior deck to "see what was happening to the sailboat" and proceeded to walk on the deck barefoot. *See id.* During an episode of "extremely high winds and higher gusts of winds," the plaintiff let go of a pole that she was holding onto and she was then picked up and dropped on the deck. *See id.* at 2. Importantly, the evidence in the record established that the plaintiff had actual prior knowledge of the stormy and hazardous conditions outside the ship before she went outside. *Id.* at 2-4. The court, accordingly, held as a matter of law that NCL owed no duty to warn the plaintiff of the dangers of walking outside at that time since the weather conditions were readily apparent to the passengers and known by the plaintiff herself. *Id.* at 5.

Contrary to Defendant's characterization, *Zahares* is instructive for why it is advisable to delay determination on whether a hazard is open and obvious until a more complete factual record has been developed. Here, unlike in *Zahares*, there are no facts that would establish that Plaintiff knew the weather outside the deck was tumultuous before she exited the Ship's interior or facts that support that Plaintiff knew or should have known about the weather conditions outside.

Accordingly, it is improper at this stage to find that the windy condition outside the Ship was an open and obvious hazard for which Defendant had no duty to warn Plaintiff. *See also Horne*, 741 F. App'x at 609 (reversing summary judgment in favor of cruise line on negligent duty

to warn claim because the danger of a heavy metal door slamming shut from a strong blowing wind and severing passenger's finger was not an open and obvious hazard); *Petersen v. NCL (Bahamas) Ltd.*, 748 F. App'x 246, 250 (11th Cir. 2018) (reversing summary judgment in favor of cruise line on negligence claim because the slippery nature of the deck was not open and obvious as a matter of law where passenger slipped and fell after feeling "strong wind" blow water onto him and onto the deck while walking); *Frasca*, 654 F. App'x at 953 (reversing summary judgment in favor of cruise line on negligence claim because the extent of the deck's slippery nature was not open and obvious); *Weiss v. Holland Am. Line Inc.*, No. C12-2105 RSM, 2014 WL 1569204, at *6 (W.D. Wash. Apr. 18, 2014) (denying cruise line's motion for summary judgment on passenger's negligence claim because risk of injury from sea conditions was not open and obvious where passenger was injured in a charity walk aboard the ship during weather conditions with rough seas, near-gale winds, and moderate swells).

The Court, therefore, will not dismiss the Complaint on this ground.

### ii.        *Proximate causation*

Defendant's second argument for dismissal with prejudice is that Plaintiff "has failed to properly allege that any act or omission on the part of NCL proximately caused the alleged incident and/or Plaintiff's alleged injuries." ECF No. [7] at 2. The Response does not appear to squarely address this argument other than to recite certain of the allegations in the Complaint that suggest a causal link between Plaintiff's injuries and Defendant's alleged wrongdoing. ECF No. [10] at 1-2. In light of Plaintiff's filing, Defendant additionally argues that dismissal is appropriate because Plaintiff "wholly fails to address" Defendant's arguments and, therefore, Plaintiff's negligence claim should be dismissed by default and/or as abandonment. ECF No. [11] at 2. Seemingly in response to Defendant's argument on this point, Plaintiff filed the Motion to Strike.

Upon review and consideration, the Court declines Defendant's invitation to dismiss the Complaint due to Plaintiff's inartful and unelaborated "response" to the Motion to Dismiss. Defendant is correct that S.D. Fla. L.R. 7.1 permits a court to grant a motion by default if a party fails to respond to a motion or argument. *See id.* at L.R. 7.1(c)(1) ("For all motions, . . . each party opposing a motion shall file and serve an opposing memorandum of law[,] . . . Failure to do so may be deemed sufficient cause for granting the motion by default."). *See also W. Coast Life Ins. Co. v. Life Brokerage Partners LLC*, No. 08-80897-CIV, 2009 WL 2957749, at *11 (S.D. Fla. Sept. 9, 2009) (recognizing that the plaintiff's failure to respond to an argument raised on a motion to dismiss enables a court to dismiss a claim by default, but "[n]otwithstanding Plaintiff's failure in this regard," choosing to evaluate the defendant's argument on the merits). However, the Court is not required to grant a motion by default in such a circumstance. *See* S.D. Fla. L.R. 7.1(c)(1).

The Court expects that the parties comply with the Local Rules—as is expected in all cases—and to clearly, thoughtfully, and civilly respond to each other's motions and arguments. The failure to do so is not be well-regarded by the Court. However, a review of the Complaint forecloses granting the Defendant's Motion by default.

Substantively, the Court does not agree with the Defendant's argument that the Complaint fails to allege causation. *See* ECF No. [7] at 7-8. The Federal Rules of Civil Procedure do not require an ultra-heightened pleading standard to allege causation. Rather, notice pleading is the governing standard for Plaintiff to set forth her negligence cause of action. *See Baptista v. Carnival Corp.*, No. 1:17-cv-22115, 2017 WL 9049155, at *1 (S.D. Fla. Dec. 6, 2017) ("Under maritime law, in the context of a negligence claim, a ship owner owes a passenger a duty of reasonable care under the circumstances. . . . Under the notice pleading standard of [Rule 8], a plaintiff alleging negligence is not required to plead the applicable standard of care to survive a motion to

dismiss."); *Brown*, 2017 WL 10379580, at *4-5 (negligence claim dismissed for failure to allege proximate causation where the complaint "completely lack[ed] facts demonstrating how Plaintiff was injured" such that the court "does not know how Plaintiff sustained the injury" and could "not know one way or the other whether a failure to warn by Defendant could have plausibly been a proximate cause of Plaintiff's injury"); *see also Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) ("At the pleading stage, the relevant question is whether the complaint provides 'a short and plain statement of the claim' that 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (citation omitted). "While notice pleading does not require the pleader to allege a 'specific fact' to cover every element or to plead 'with precision' each element of a claim, it is still necessary a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Brown*, 2017 WL 10379580, at *5 (citation omitted).

To prove causation, a plaintiff must establish "a cause and effect relationship . . . between the alleged tortious conduct and the injury"—that is, cause in fact (or "actual" or "but-for causation")—as well as the "foreseeab[ility]" of the "conduct in question" producing the alleged harm—i.e., "proximate causation." *Bell v. Beyel Bros., Inc.*, No. 2:16-CV-14461, 2017 WL 1337267, at *3 (S.D. Fla. Apr. 7, 2017) (quoting *Smith v. United States,* 497 F.3d 500, 506 (5th Cir. 1974)). Thus, at the motion to dismiss stage, it is enough if one can reasonably infer actual and proximate causation for Plaintiff's injuries from Defendant's alleged negligence. *Id.* This is satisfied where a sufficiently detailed factual background of the incident is alleged along with allegations of the purported foreseeable causes of a plaintiff's injuries. *See Hung Kang Huang v. Carnival Corp.*, 909 F. Supp. 2d 1356, 1359–60 (S.D. Fla. 2012), *abrogated on other grounds by Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014) (denying motion to

dismiss maritime negligence claim where "Plaintiff sufficiently pleaded a basis for proximate cause. . . . The Complaint states that 'Plaintiff was injured *due to* the fault and/or negligence of Defendant Carnival . . . as follows,' and then proceeds to list, in fourteen subparagraphs, the alleged failures on Carnival's part that resulted in Plaintiffs injuries. These allegations point to inadequate flooring, a lack of handrails, a faulty door, and a lack of warning notices as the causes of Plaintiff's slip-and-fall. These allegations suffice to give Defendants notice of the claim leveled against it.") (emphasis in original; internal citation omitted). *See also Spall v. NCL (Bahamas) Ltd.*, 275 F. Supp. 3d 1345, 1350 (S.D. Fla. 2016) (finding proximate cause was sufficiently alleged in maritime negligence claim where the complaint alleged that "Defendant's failures and delay in taking reasonable responsive measures to Plaintiff's condition proximately caused the prolonged loss of oxygen to Plaintiff's vital organs and concurrent injury" and alleged the damages resulting because of the defendant's supposed negligence).

Taking Plaintiff's allegations as true at this stage, as the Court must, the Court finds that Plaintiff has adequately pled proximate causation. *See Hung Kang Huang*, 909 F. Supp. 2d at 1359-60; *Spall*, 275 F. Supp. 3d at 1350; *Bell*, 2017 WL 1337267, at *3-4; *Gittel v. Carnival Corp.*, No. 14-cv-23234, 2015 WL 3650042, at *2 (S.D. Fla. June 11, 2015). In paragraph 16 of the Complaint, Plaintiff alleges various grounds under which her injury "was due to the fault and/or negligence of" Defendant, including Defendant's purported failure to restrict passenger access to the exterior deck at the time, its failure to warn passengers about the risk of high winds on the deck, its failure to have adequate procedures or policies in place to ensure safe passage while traversing the exterior deck during high wind conditions, and its failure to take corrective steps to prevent injury based on previous similar incidents occurring onboard. *See* ECF No. [1] at ¶ 16. Further, Plaintiff separately alleges that Defendant's various negligent actions "caused the Plaintiff

to be injured," *id.* at ¶ 18, and that "[a]s a result of the negligence of the Defendant, the Plaintiff was injured" in the incident. *Id.* at ¶ 20.

The Complaint satisfies notice pleading standards. In particular, it sets forth a plausible basis to infer that a reasonable person did not know about dangerous wind conditions outside on deck 13 and that notice by Defendant of the windy exterior conditions or restricting access to the outer deck would have prevented Plaintiff's injuries. Defendant's citation to *Rinker v. Carnival Corp.*, 753 F. Supp. 2d 1237 (S.D. Fla. 2010) does not alter this conclusion.

In *Rinker*, a passenger developed meningitis, bacteremia, and osteomyelitis while aboard a cruise ship. The plaintiff alleged that the cruise line was negligent in various manners, including by allowing crewmembers with visible signs of serious illness to walk around the ship, cough, spit, or sneeze near passengers, and handle food and beverages and work in kitchens, bars, and restaurants; by failing to promulgate and enforce reasonable rules and regulations to insure passenger health and safety; by failing to properly treat, quarantine, or diagnose passengers or crewmembers with visible signs of serious illness; by failing to provide adequately sanitized and hygienic cabins; and by failing to have a proper system in place to detect and stop the spread of infectious diseases. *Id.* at 1241-42. The court found that none of these allegations supported a proximate causal link with the plaintiff's injuries because no facts were alleged that "any of the crewmembers or passengers had meningitis, bacteremia, or osteomyelitis," *id.* at 1242, and the only causal facts alleged in the complaint were that the plaintiff was "injured because she was not properly diagnosed and treated, was administered a hazardous combination of pain killers, and was not timely evacuated from the ship." *Id.* Thus, the court found that the allegations could not support a negligence claim as "[n]othing . . . indicates how Plaintiff was injured because of the failures" noted above. *Id.*

Unlike *Rinker*, the causal link between Plaintiff's injuries and Defendant's alleged negligence is not so attenuated. In contrast to the transmission of communicable illnesses, Plaintiff's injuries are not dependent on the health and wellness of third-parties aboard the Ship. Instead, as alleged, her injuries were directly caused by a "strong wind" twisting her body causing her to fall with "great force onto the deck" after she exited the outer doors on deck 13. ECF No. [1] at ¶ 15. Thus, Plaintiff has sufficiently alleged that her injuries are a foreseeable product of the Defendant's claimed actions and/or omissions.

Accordingly, the Motion to Dismiss is denied.

## III.   MOTION TO STRIKE

In the Motion to Strike, Plaintiff contends that Defendant's Reply brief should be stricken because it reiterates arguments made in the Motion to Dismiss and, thus, fails to comply "with the intent of Local Rule 71(c) [sic] which strictly limits rebuttal of matters covered in the movant's initial memorandum of law." ECF No. [12] at 2. Plaintiff thereafter characterizes the Reply and Motion to Dismiss as somehow a "premature motion for summary judgment." *Id.* at 3. According to Plaintiff, the Court should do one of three possible things: (1) strike the Reply, (2) strike the Motion to Dismiss, or (3) deny the Motion to Dismiss with leave for Defendant to file an answer and affirmative defenses.

The Court does not find Plaintiff's arguments to be availing nor her suggestion appropriate. Defendant's Motion to Dismiss is not a "premature motion for summary judgment" nor does it go "far beyond the facts set forth within the four corners of the complaint." *Id.* at 2-3. The Motion to Strike, by contrast, appears to be a half-hearted attempt to inject issues that Plaintiff already raised in her Response.  Accordingly, the Motion to Strike is denied.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.    Defendant's Motion to Dismiss Plaintiff's Complaint, **ECF No. [7]**, is **DENIED;**

2.   Plaintiff's Motion to Strike NCL's Reply [Doc. 11] Due to NCL's Failure to Comply

    with Local Rule 71(c) and with Federal Rule of Civil Procedure 12(d), **ECF No. [12]**,

    is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 3, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record