UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-25185-BLOOM/LOUIS

BARBARA MARABELLA,

    Plaintiff,

vs.

NCL (BAHAMAS), LTD.,

    Defendant.

_____/

## ORDER ON DISCOVERY DISPUTES

**THIS CAUSE** came before the Court upon Plaintiff's Notice of Discovery Hearing (ECF No. 32). A hearing was conducted on September 17, 2020. This Order succinctly memorializes but does not alter the rulings made in open court. This Order tracks the numbers used in Plaintiff's Notice of Hearing (ECF No. 32).

    1.    Defendant's objections to producing fact witnesses for deposition is overruled. Defendant offered, in effort to resolve this dispute, to present Staff Captain Viktor Vranic for deposition, subject to availability as Captain Vranic may be in his home Country of Croatia. If Captain Vranic is unavailable for deposition, and Plaintiff thus seeks to depose the Vessel Master, the Court will consider Defendant's objection to producing him. A status conference is to be held on September 23, 2020, at 9:00am.

    2.    Defendant's objection to producing the shoreside "DPA" is overruled.

    3.    Plaintiff's request to be relieved from appearing for medical examination in Miami, pursuant to Rule 35 of the Federal Rules of Civil Procedure, is granted. The Parties will continue

to confer and explore options for her examination either in Tampa, or closer in time to trial as to not necessitate travel solely for the purpose of attending the deposition. Plaintiff may be required to contribute to Defendant's costs if no other agreement is reached and Defendant agrees to send its expert to Tampa. The Court has withheld ruling on this dispute pending further conferral between the parties.

4. Plaintiff's request for the production of additional portions of the Safety Management System ("SMS") is denied, in part. First, defense counsel represents that the documents were produced as kept in the usual course of business and no mark was applied to the documents indicating that the documents are "for reference only." Because the documents were produced as kept, Defendant has satisfied its obligation under Rule 34 of the Federal Rules of Civil Procedure and there is nothing more to compel. Second, Plaintiff's request for production of documents referenced in the SMS manual documents that have been produced is, as Defendant characterizes, a new request for production of documents; Defendant will be afforded the opportunity to consider Plaintiff's requests, identify the documents sought, and raise objections to their production as Defendant is entitled under Rule 34.

Plaintiff's demand that Defendant produce the entire chapters of the SMS is also denied. Plaintiff has not articulated the relevance of the chapters other than those addressing the relevant safety hazards raised in this case, and Defendant has articulated the burden of manually printing out each subsection of these lengthy chapters. To facilitate a meaningful conferral over relevance, defense counsel has agreed to produce the Table of Contents from Chapters seven (7) and nine (9) within 14 days of the hearing.

**DONE AND ODERED** in Chambers, in Miami, Florida this 18th day of September.

LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE