CASE NO.: 19-CV-25185-BB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

CASE NO.: 19-CV-25185-BB

BARBARA MARABELLA,

    *Plaintiff*,

vs.

NCL (BAHAMAS) LTD,
d/b/a NORWEGIAN CRUISE LINE

    *Defendant*.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendant, NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Lines, ("Norwegian"), by and through undersigned counsel and pursuant to applicable Federal Rules of Civil Procedure, hereby files its Response in Opposition to Plaintiff's Motion for Leave to File Amended Complaint [DE 47], and as grounds, states:

### INTRODUCTION

1.    This is a maritime personal injury action in which Plaintiff alleges that she injured her left shoulder on November 21, 2019, onboard the Norwegian *Pearl*.[1] Plaintiff claims she was when blown over by a gust of wind that "came from nowhere."[2] Plaintiff's claims are subject to the Passenger Ticket Contract she received and agreed to prior to embarking on her voyage.

2.    On December 17, 2019, Plaintiff filed a one-count Complaint against Norwegian, alleging numerous theories of negligence, including, amongst others, failure to warn, failure to comply

---

[1] Plaintiff misrepresented the extent of her injury in her Motion for Leave to File an Amended Complaint [DE 47]. While Plaintiff alleges she suffered a shoulder injury, she did not suffer a compound fracture.

[2] Plaintiff testified to this on page 45 of her deposition transcript.

CASE NO.: 19-CV-25185-BB

with safety codes, and failure to restrict passenger access to outside decks in high wind conditions [DE 1].

3. On January 29, 2020, this Court entered an Order scheduling trial and establishing pre-trial deadlines. Of importance to Plaintiff's motion is the March 30, 2020, deadline for all motions to amend pleadings [DE 18]. This deadline has not changed.

4. In Response to Plaintiff's Complaint, Norwegian filed its Answer and Affirmative Defenses on February 17, 2020 [DE 21]. On July 22, 2020, this Court entered an Amended Scheduling Order which, in pertinent part, established a discovery cutoff date of January 4, 2020 [DE 31].

5. On April 9, 2020—eight months ago—Defendant produced the ship's log to Plaintiff, indicating wind measurements recorded by the bridge officers. On August 24, 2020—four months ago—Defendant produced the anemometer raw data, which shows the wind data available to the bridge, and from which they record into the ship's log. By this point Plaintiff was on notice of how the ship logged wind and that it does not log apparent wind.

6. On October 21, 2020, Plaintiff deposed Viktor Vranic, the *Pearl's* Staff Captain at the time of the incident, via video teleconference while he was at home in Croatia.[3] At this deposition, Plaintiff's counsel made numerous inquiries into the use of true wind as opposed to relative or apparent wind in determining when to close outside decks in high wind conditions and learned that the ship was using true wind as a measurement of wind speed.

7. On November 9, 2020, Plaintiff deposed Igor Zec, the *Pearl's* second officer at the time of the incident. At this deposition, Plaintiff's counsel again made numerous inquiries into the ship's use of true versus relative wind speeds and its role in deciding to close the decks and again learned that the ship uses true wind as a measurement of wind speed.

---

[3] Contrary to the assertion in Plaintiff's motion, Captain Vranic was deposed while at his home in Croatia.

8.  Despite having the deck log since April 9, 2020, the anemometer readings since August 24, 2020, and depositions of two of the ship's officers as of early November, it was not until November 25, 2020, that Plaintiff filed her Motion for Leave to File an Amended Complaint, seeking to add a count alleging negligence for using the wrong measurement of wind speed on open decks [DE 47].

9.  As set forth more fully below, Plaintiff's request for leave is dilatory, untimely, unduly prejudicial, and futile. Accordingly, Norwegian respectfully requests Plaintiff's Motion for Leave to File Amended Complaint should be denied.

## MEMORANDUM OF LAW

### I. Plaintiff's Delay in Seeking Leave To Amend Is Undue

Plaintiff unduly delayed seeking leave to file an amended complaint. She was aware of the additional theories of negligence well before requesting such leave. Due to such delay, the time elapsed since the deadline to amend pleadings, and the proximity to discovery cutoff, Plaintiff should not be permitted to amend her complaint.

"[A] plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir.2009) "A district court need not allow an amendment where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed…" *Havana Docks Corp. v. Carnival Corp.*, No. 19-CV-21724-BLOOM/McAliley, 2020 WL 6290159 (S.D. Fla. Oct. 27, 2020)(*quoting Bryant v. Dupree,* 252 F.3d 1161 (11th Cir. 2001)) "[W]hether a parties' delay is undue depends on: "(1) the amount of time movant knew of the claim prior to seeking leave to amend; (2) the amount of time movant delayed in seeking to amend the complaint upon learning of the claim; (3) the reason offered for the delay; and (4) the stage of the litigation proceedings." *Yule v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV, 2020 WL 5216993, at *2 (S.D. Fla. Sept. 1, 2020) (citing *Lesman v. Specialized Loan Servicing, LLC*, No.

1:14-cv-02007-ELR-AJB, 2015 WL 13773978, at *4 (N.D. Ga. Jan. 16, 2015); *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041-42 (11th Cir. 2006)).

Plaintiff's delay in seeking leave to amend the Complaint is undue in light of the fact that she did so a month before discovery cutoff and well after they began pursuing additional theories of negligence during discovery.[4] Plaintiff took two depositions of Norwegian employees in the month before seeking leave, both times focusing considerable portions of these depositions on the theories regarding apparent wind speed which they desire to add to their Complaint.[5] Further, Plaintiff **admitted** in their Motion for Leave that she "delayed seeking to amend the complaint in that there was a chance that this case would resolve at the mediation held on November 19, 2020." [DE 47, ¶3]. Having pursued the additional theories of liability sought to be added to the Complaint and failing to seek leave until just over a month before the then discovery cutoff, does not provide any justification for her delay. That Plaintiff waited until after the depositions of two officers and mediation to discuss alternative theories of liability with her expert, does not establish good cause to amend the Complaint. This Court has, in certain instances, granted leave to amend pleadings *before* the deadline to amend pleadings has run, and well before discovery cutoffs. *See e.g. Broward Motorsports of Palm Beach, LLC v. Polaris Sales, Inc*., No. 17-CV-81100-BLOOM/Hopkins, 2017 WL 10186605 (S.D. Fla. Nov. 21, 2017)*; Stone Tech. (HK) Co. v. GlobalGeeks, Inc*., No. 20-CV-23251-BLOOM/Louis, 2020 WL 6334409 (S.D. Fla. Oct. 29, 2020). However, in several other instances, This Court has denied leave to amend pleadings where the party seeking to amend waits until well *after* the deadline to amend pleadings and further waits until sometime after they became aware of the grounds for amending— whether a deficiency or otherwise. *See e.g. Sream, Inc. v. Munjal Corp.,* No. 18-CV-80743-

---

[4] Although the discovery cutoff was extended 60 days on December 3, 2020, in response to the parties' Joint Motion for Enlargement of all remaining deadlines [DE 50], this instant Motion for Leave was filed prior to that extension and before the reason for seeking the Enlargement—Plaintiff's husband becoming gravely ill—came to be.
[5] Plaintiff, in her Motion for Leave, mischaracterizes the deposition testimony of the vessel's Second Officer, Igor Zec, where she claims Mr. Zec wrote his visual estimate of the true wind speed and direction into the ship's log. In fact, Mr. Zec recorded the true wind speed and direction measured by the ship's instruments.

CASE NO.: 19-CV-25185-BB

BLOOM/Reinhart, 2019 WL 9048996 (S.D. Fla. Mar. 26, 2019) (denying leave to amend where the moving party waited five months after the deadline to amend pleadings and another month after learning of the basis for their new proposed claims); see also *BrandNamesWatches Int'l LLC v. PNC Bank, Nat'l Ass'n*, No. 17-CV-62124-BLOOM, 2018 WL 9538219 (S.D. Fla. June 1, 2018)(denying leave to file an amended complaint in part due to plaintiff's waiting until after mediation and a month before discovery cutoff); *Stephens v. Georgia Dep't of Transp.*, 134 F. App'x 320 (11th Cir. 2005) (upholding the district court's denial of a motion to amend complaint where the motion was filed over six months after the scheduling deadline order; district court held that the plaintiff's proffered reason of discovering a new theory through additional research was insufficient to establish good cause).

In this case, Plaintiff waited 8 months after the deadline to amend pleadings before seeking leave. Additionally, Plaintiff waited more than a month after she began pursuing the additional theories of negligence she seeks to add to her proposed Amended Complaint. This lack of diligence constitutes undue delay in seeking leave to file an amended complaint and should therefore be denied. *See Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000) ("No diligence, no good cause, no leave to amend.")

**II.   Plaintiff's Proposed Amendment Is Futile As It Is Time Barred**

It is well settled that evaluating time limits for the filing of passenger lawsuits is a legal determination. *See, e.g., Nash v. Kloster Cruise A/S*, 901 F.2d 1565 (11th Cir. 1990); *DeNicola v. Cunard Line Ltd.*, 642 F.2d 5 (1st Cir. 1981). Congress has specifically authorized cruise lines to shorten the limitation periods for providing notice of suits and for filing suits by inserting a reasonable limitation period into their passage contracts:

> Minimum time limits. The owner, master, manager, or agent of a vessel transporting passengers of property between ports in the United States, or between a port in the United States and a port in a foreign country, may not limit by regulation, contract, or otherwise the period for –
> (1) giving notice of, or filing a claim for, personal injury or death to less than 6 months after the date of the injury or death; or

> (2) bringing a civil action for personal injury or death to less than one year after the date of the injury or death.

46 U.S.C. §30508(b). Accordingly, limitation provisions in cruise ship ticket contracts are legally binding and clearly enforceable as identical, or nearly identical, provisions have been routinely upheld. *See, e.g., Sorgenfrei v. Carnival*, 727 F. Supp. 2d 1354 (S.D. Fla. 2010); *Chang v. Carnival Corp.*, 839 F.3d 993 (11th Cir. 2016); *Crist v. Carnival Corp.*, 410 Fed. Appx. 197 (11th Cir. 2010).

In order for the limitation period to be binding, the cruise ship operator must reasonably communicate the existence of such terms and conditions to passengers. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1335 (11th Cir. 1984) ("As a general rule, conditions or limitations in a contract for passage are valid if the ticket provides adequate notice of them."). Whether provisions of a passage contract are "reasonably communicated" is a question of law to be determined by the court. *See Carpenter v. Klosters Rederi A/S*, 604 F.2d 11, 13 (the notice must inform passengers that terms printed elsewhere in the ticket constitute binding part of contract); *Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861, 864 (the language must be such as to "reasonably communicate the existence of important terms and conditions which affect legal rights."). Here, in a distinct box at the top of the first page of the Ticket Contract, the following language appears, which specifically directs passengers to the clause containing the one-year limitation provision:

> **IMPORTANT NOTICE:** Guests are advised to carefully read the terms and conditions of the Guest Ticket Contract set forth below which affect your legal rights and are binding. The Guest's attention is specifically directed to Paragraphs 10 and 14 of the Terms and Conditions of the Guest Ticket Contract. Acceptance or use of this Contract shall constitute the agreement of Guest to these Terms and Conditions.

*See Passenger Ticket Contract*, attached hereto as Exhibit "A." Paragraph 10 of the Ticket Contract, entitled **Limitations on Actions**, contains the following provision:

> **(a) Suits for Injury or Death:** The Guest agrees that no suit, whether brought in rem or in personam, shall be maintained against the Carrier for emotional or physical injury, illness or death of Guest unless written notice of the claim, including a complete factual account of the basis of such claim, is delivered to the Carrier within 185 calendar days from the date of the incident giving rise to such injury, illness or death; and no suit shall be maintainable unless

> commenced within one (1) year from the day of the incident giving rise to such injury, illness or death, notwithstanding any provision of law of any state or country to the contrary.

*Id*. at ¶10(a) (emphasis added). Thus, notice of the limitation provision in the Ticket Contract was reasonably communicated: Plaintiff chose to ignore it when she filed this Motion with the Court.

Indeed, although Plaintiff cannot allege (in good faith) that she did not read the Ticket Contract as she references in her Complaint (and did not dispute its validity), even if she were to allege that she did not read it, it is nevertheless binding and enforceable. A Plaintiff need not read a contract to be bound by its provisions. *See Carpenter v. Klosters Rederi A/S*, 604 F.2d 11, 13 (5th Cir. 1979) ("The failure or inability of the passenger to read his ticket does not preclude his being bound by such conditions and limitations, provided they are not unlawful in content."); *Carpenter*, 604 F.2d at 13 ("It is not necessary that the passenger have actual knowledge of such conditions or limitations or that his attention be called to them."). Accordingly, the relevant inquiry is not whether the passenger read the ticket, but rather whether the passenger *had the opportunity* to read the ticket. *Barkin v. Norwegian Caribbean Lines,* 1988 A.M.C. 645, 650 (D. Mass. 1987). Therefore, the provisions of Norwegian's Ticket Contract were adequately communicated to Plaintiff, and she must be held to the terms of the Ticket Contract, including the one-year limitation provision, which mandates this Court's denial of Plaintiff's Motion for Leave to File Amended Complaint.

### a. Plaintiff's proposed amendments do not relate back to the filing of the initial Complaint

Plaintiff has not challenged the (well-settled) enforceability or validity of the Ticket Contract and did not argue that the new claim related back to the filing of the initial Complaint. To the extent Plaintiff attempts to argue relation back in her reply, pursuant to the Eleventh Circuit, there can be no relation back "when new or distinct conduct . . . are alleged as grounds for recovery." *Hajtman v. NCL (Bahamas) Ltd.*, 2008 WL 1803630 (S.D. Fla. Apr. 21, 2008). Fed. R. Civ. P. 15(c)(1)(B) states in relevant part, "[a]n amendment to a pleading relates back to the date of the original pleading when . .

. the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to set out—in the original pleading." Indeed, "the critical issue in [relation back] determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *Moore v. Baker*, 989 F. 21 1129, 1131 (11th Cir. 1993). Here, Plaintiff's additional claims against Norwegian do not relate back to the initial Complaint's filing as they rely on new, distinct conduct separate from that required to recover on her sole initial claim of negligence resembling failure to warn. *See Caron v. NCL (Bahamas) Ltd.*, 2017 WL 1382238 (S.D. Fla. Apr. 14, 2017) (holding that the relation-back doctrine did not apply when "[i[n order to recover on the negligence clam contained in h[is] complaint, [the plaintiff] would have to prove completely different facts than would otherwise have been required to recover on the . . . claim in the original complaint.") (citing *Moore,* 989 F.2d at 1132). Specifically, Plaintiff's initial Complaint did not outline any facts that would support any of her new claim that Norwegian utilized an improper measurement of wind speed. [DE 1] Rather, Plaintiff's additional claims attempt to impose a duty in an unsupported, conclusory fashion that Norwegian negligently used the wrong form of wind speed measurement on outdoor decks.

Plaintiff's new claims for which she seeks leave to amend her Complaint are time barred by the Ticket Contract and are therefore futile.

### III. Defendant Would Be Unduly Prejudiced By Allowing Plaintiff To Bring Additional Claims At This Late Stage In The Proceedings

By allowing Plaintiff to amend her Complaint after Defendant has incurred significant time and expense defending the claims framed by Plaintiff's original complaint for the last year causes undue prejudice. Defendant already retained and consulted with experts to defend against Plaintiff's existing claims. Discovery was supposed to end on January 4, 2021, before the unforeseen health issues with Plaintiff's husband warranted an enlargement. To further extend discovery into Plaintiff's proposed additional claims would place an undue burden on Defendant.

CASE NO.: 19-CV-25185-BB

Due to the overly prejudicial effect an amendment to the Complaint would have at such a late stage in litigation, Plaintiff must not be allowed leave to file such an amended complaint.

WHEREFORE, Defendant respectfully requests this Honorable Court deny Plaintiff's Motion for Leave to File an Amended Complaint, along with all other relief deemed just and proper.

Dated: December 14, 2020
Miami, Florida

Respectfully submitted,
**FOREMAN FRIEDMAN, P.A.**

By: **/s/   Zachary L. Foreman**
Jeffrey E. Foreman, Esq. (FBN 0240310)
jforeman@fflegal.com
Thomas A. Briggs, Esq. (FBN 663034)
tbriggs@fflegal.com
Zachary L. Foreman, Esq. (FBN 1017993)
zforeman@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Tel: 305-358-6555/Fax: 305-374-9077
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERFITY that on this 14th day of December 2020 a true and correct copy of the foregoing was served by email upon counsel indicated on the attached Service List.

By: **/s/   Zachary L. Foreman**
Zachary L. Foreman, Esq.

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

CASE NO.: 19-CV-25185-BB

## **SERVICE LIST**

*Barbara Marabella vs. NCL (Bahamas) Ltd.*
Case No.: 19-CV-25185-BB
United States District Court for the Southern District of

Michael N. Lygnos, Esq.
marinelaw@msn.com
mikelygnos@gmail.com
LYGNOS LAW FIRM
111 N. Belcher Rd., Suite 204
Clearwater, FL 33765
Telephone: 727-726-9100
Facsimile: 727-726-9500
*Attorneys for Plaintiff*

Nicholas E. Karatinos, Esq.
LAW OFFICES OF NICHOLAS E. KARATINOS
18920 North Dale Mabry Highway, Suite 102
Lutz, Florida 33548
Telephone: (813) 345-5945
Facsimile: (813) 949-0373
Toll Free: (866) 898-8703
Nicholas.Karatinos@outlook.com
nek1720@aol.com
*Co-Attorney for the Plaintiff*

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
kfehr@fflegal.com
Thomas A. Briggs, Esq.
tbriggs@fflegal.com
Zachary L. Foreman, Esq.
zforeman@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower – Suite #2300
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305-358-6555/ Fax: 305-374-9077
*Counsel for Defendant*